**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

GINJER ULLMAN,

    Plaintiff,

v.                                                                                                    Case No: 5:17-cv-66-Oc-30PRL

FLORIDA DEPARTMENT OF
CORRECTIONS, GUSTAVO
MAZORRA, CARLOS RIOS, VAUGHN
FOUST, JR., and JOHN DOE,

    Defendants.

## ORDER

Ginjer Ullman sued the Florida Department of Corrections and Gustavo Mazorra, the warden of Lowell Correctional Institution where Ullman was incarcerated, based on alleged rampant sexual misconduct by employees at Lowell. FDOC and Mazorra now move to dismiss alleging immunity under Florida law and the Eleventh Amendment, and arguing Ullman failed to allege proper pre-suit notice. The Court concludes neither FDOC nor Mazorra have stated grounds upon which any of the claims should be dismissed.

## FACTUAL BACKGROUND

Ginjer Ullman was an inmate at Lowell Correctional Institution from March 18, 2011, to September 30, 2013. During that time, Ullman alleges she was subjected to sexual misconduct by Lowell employees. The alleged sexual misconduct included being coerced

to have sex with Defendants Carlos Rios and Vaughn Foust, Jr. Ullman claims the sexual misconduct was a violation of Florida law and her Eighth Amendment rights.

Defendant Gustavo Mazorra was the warden at Lowell while Ullman was incarcerated, and allegedly knew or should have known about the sexual misconduct. Ullman alleges Mazorra was negligent in hiring, supervising, and investigating the claims at Lowell, and that both Mazorra and the Florida Department of Corrections policies, practices, and customs encouraged or failed to prevent the sexual misconduct.

## **PROCEDURAL HISTORY**

Ullman filed suit in Florida state court against FDOC, Mazorra, Rios, Foust, and a John Doe who supervised Rios and Foust. (Doc. 2). Before Ullman served Mazorra, Rios, and John Doe, Defendants FDOC and Foust removed the action to this Court. (Doc. 1).

After removal, Ullman filed an Unopposed Motion for Leave to Amend the Complaint (Doc. 25), which the Court granted. (Doc. 26). Ullman filed the Amended Complaint (Doc. 27), which is the subject of FDOC and Mazorra's motions to dismiss. The relevant claims against FDOC and Mazorra are as follows:

- Count III — Florida law claim against FDOC alleging *respondeat superior* liability for Mazorra's negligent hiring, supervision, and investigation;

- Count IV — 42 U.S.C. § 1983 allegations of municipal liability against FDOC alleging municipal liability;[1]

---

[1] This count is not so much a separate claim as it is a set of allegations detailing the alleged policies, practices, and customs that would subject FDOC to liability for Ullman's section 1983 claim for violation of her Eighth Amendment rights. This conclusion is supported by the fact that Ullman did not include a prayer for relief with Count IV. As such, the Court treats this Count as mere allegations instead of a separate claim.

- Count VIII — 42 U.S.C. § 1983 claim against FDOC and Mazorra for deprivation of Ullman's Eight Amendment rights

## MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim on which relief can be granted. When reviewing a motion to dismiss, courts must limit their consideration to the well-pleaded allegations, documents central to or referred to in the complaint, and matters judicially noticed. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (internal citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). Courts must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson*, 551 U.S. at 93–94.

Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). In fact, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must instead contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citations omitted). This plausibility standard is met when the plaintiff pleads enough factual content to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citations omitted).

**DISCUSSION**

FDOC and Mazorra filed separate motions to dismiss that raise the same three grounds: (1) that they have immunity based on section 768.28(9)(a), Florida Statutes; (2) that they have immunity based on the Eleventh Amendment; and (3) that Ullman failed to allege compliance with the pre-suit notice requirement in section 768.28(6)(a), Florida Statutes. While Ullman's response largely misses the mark, the Court concludes FDOC and Mazorra's arguments all lack merit for the reasons explained below.

**A. Immunity under § 768.28(9)(a), Fla. Stat.**

Section 768.28(9)(a), Florida Statutes, provides as follows:

> No officer, employee, or agent of the state or of any of its subdivisions shall be held personally liable in tort or named as a party defendant in any action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function, unless such officer, employee, or agent acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. However, such officer, employee, or agent shall be considered an adverse witness in a tort action for any injury or damage suffered as a result of any act, event, or omission of action in the scope of her or his employment or function. The exclusive remedy for injury or damage suffered as a result of an act, event, or omission of an officer, employee, or agent of the state or any of its subdivisions or constitutional officers shall be by action against the governmental entity, or the head of such entity in her or his official capacity, or the constitutional officer of which the officer, employee, or agent is an employee, unless such act or omission was committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property. The state or its subdivisions shall not be liable in tort for the acts or omissions of an officer, employee, or agent committed while acting outside the course and scope of her or his employment or committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property.

This statute provides sovereign immunity to the state when an employee acts outside the scope of her employment or with malice. Conversely, the statute provides immunity to a state officer or employee who is acting within the scope of her employment and without malice. As the Florida Supreme Court has explained, "In any given situation either the agency can be held liable under Florida law, or the employee, but not both." *McGhee v. Volusia County*, 679 So. 2d 729, 733 (Fla. 1996). But while only the agency or employee can be held liable, Federal Rule of Civil Procedure 8(d)(2) allows a plaintiff to plead claims in the alternative (*i.e.*, alleging malice on the part of the employee in a count against the employee, and then alleging absence of malice in another count against the agency). *Garayoa v. Reina*, 16-20213-CIV, 2016 WL 3348536, at *2 (S.D. Fla. June 16, 2016) (explaining, "the 'nature of Florida Statutes § 768.28 tends to require a plaintiff to plead alternative and inconsistent claims against a government entity and its employees.' ").[2]

As to Count III, FDOC argues it has immunity because Ullman alleged that Mazorra and the other defendants acted with malice. But that is not the case. Ullman alleges:

> As permitted by FLA. R. Civ. P. 1.110(b), in the alternative to any allegations to the contrary set forth in this Complaint, Plaintiff alleges that the Defendant MAZORRA did not commit the deprivation of rights as set forth in Count VIII in bad faith or with malicious purpose, or in a manner exhibiting willful and wanton disregard of human rights, safety, or property but due to negligence.

---

[2] Alternative pleading in regard to section 768.28(9)(a), Florida Statutes, is also permitted under Florida procedural law. *Johnson v. State Dept. of Health & Rehab. Services*, 695 So. 2d 927, 930 (Fla. 2d DCA 1997).

(Doc. 27, ¶62). Alternative pleading is allowed, so Count III should not be dismissed.[3]

FDOC also claims immunity against Count IV. As noted above, Count IV is not so much a claim as it is additional factual allegations to support the claim against FDOC in Count VIII. The Court concludes that these factual allegations are not a claim subject to dismissal, nor can they alone be a basis on which Ullman would be entitled to relief. As such, the Court will consider the factual allegations under Count IV only to the extent that they provide additional factual support for Count VIII, since Count VIII does not explicitly incorporate the allegations in the second count. The Amended Complaint is deemed amended to this extent.

Finally, both FDOC and Mazorra seek to dismiss Count VIII based on the dual immunities provided by section 768.28(9)(a). These arguments are easily dismissed, though, because the immunities provided by section 768.28(9)(a) do not extend to the section 1983 claims in Count VIII. *Hufford v. Rodgers*, 912 F.2d 1338, 1341 (11th Cir. 1990) ("State sovereign immunity may protect Sheriff Rodgers from state claims in state court; *state* immunity, however, has no application to claims, in federal court, under Section 1983."); *see also Claridy v. Golub*, 632 F. App'x 565, 571 (11th Cir. 2015)

---

[3] FDOC also requests the Court order Ullman to provide a more definite statement because "[i]t is unclear whether Count III is actually a direct negligence claim against DOC, as opposed to liability pursuant to the doctrine of *respondeat superior*." (Doc. 32, p. 4). But Count III makes it abundantly clear that Ullman is seeking to hold FDOC liable for Mazorra's negligence under a theory of *respondeat superior*, so a more definite statement is unnecessary. (Doc. 27, ¶64, stating, "At all relevant times, Defendant MAZORRA committed the tort of negligence [sic] training and/or supervision and/or investigation while acting within the course and scope of his employment as warden at Lowell C.I.")

(discussing section 768.28(9)(a) immunity as it relates solely to state law claims). As such, section 768.28(9)(a) does not provide a basis to dismiss Count VIII.

### B. Immunity under the Eleventh Amendment

FDOC and Mazorra also argue they are immune from suit based on the Eleventh Amendment, which generally provides states immunity from lawsuits in federal courts. The Court concludes Eleventh Amendment immunity is also inapplicable. As to Mazorra, he is being sued in his individual capacity and, therefore, is not subject to immunity under the Eleventh Amendment. *Melton v. Abston*, 841 F.3d 1207, 1234 (11th Cir. 2016) (citing to *Hafer v. Melo*, 502 U.S. 21, 31, 112 S.Ct. 358, 365, 116 L.Ed.2d 301 (1991), for the proposition that "state officials, sued in their individual capacities, are 'persons' within the meaning of § 1983. The Eleventh Amendment does not bar such suits, nor are state officers absolutely immune from personal liability under § 1983 solely by virtue of the 'official' nature of their acts.").

As to FDOC, the Court concludes it waived its Eleventh Amendment immunity by removing this action to federal court. The United States Supreme Court has held—unanimously—that a state waives its Eleventh Amendment immunity whenever it removes its case to federal court. *Lapides v. Board of Regents of University System of Georgia,* 535 U.S. 613, 616, 122 S.Ct. 1640, 1642, 152 L.Ed.2d 806 (2002); *see also In re Diaz*, 647 F.3d 1073, 1082 (11th Cir. 2011) (explaining, "Under [the litigation waiver] theory, which is familiar in many areas of the law, a state waives its sovereign immunity to the extent it voluntarily invokes the jurisdiction of the federal courts."). As such, the Court concludes neither FDOC nor Mazorra are immune from suit under the Eleventh Amendment.

### C. Failure to Allege Compliance with § 768.28(6)(a), Fla. Stat.

FDOC and Mazorra both claim Ullman failed to allege compliance with section 768.28(6)(a). FDOC and Mazorra do not allege that Ullman failed to comply with the statute, simply that the Amended Complaint does not allege Ullman satisfied the pre-suit notice requirements. The Court disagrees.

The Eleventh Circuit has explained,

> According to FLA. STAT. § 768.28(6), an "action may not be instituted on a claim against the state or one of its agencies or subdivisions unless the claimant presents the claim in writing to the appropriate agency." FLA. STAT. § 768.28(6)(a). Notice to the agency and written denial of the claim are "conditions precedent to maintaining an action." FLA. STAT. § 768.28(6)(b). Florida courts strictly construe this notice requirement and a claimant must allege in the complaint that he complied with the notice provisions of FLA. STAT. § 768.28(6). When a claimant fails to allege compliance with notice provisions, the complaint should be dismissed without prejudice and the plaintiff should be allowed leave to amend.

*Albra v. City of Fort Lauderdale*, 232 Fed. Appx. 885, 888 (11th Cir. 2007) (internal citations omitted). But a complaint need not specifically allege compliance with section 768.28(6) to satisfy the pleading requirements. *Smith v. Rainey*, 747 F. Supp. 2d 1327, 1337 (M.D. Fla. 2010).

Ullman alleges the following:

> The Plaintiff has complied with all conditions precedent and exhaustion of pre-suit remedies prior to the filing of this action. (copy of claim letter attached as Exhibit A).

(Doc. 27, ¶6). The Court concludes this allegation suffices. Although Ullman failed to attach the claim letter to the Amended Complaint, this allegation references the claim letter

and that she satisfied all conditions precedent. That is enough. As such, the Amended Complaint cannot be dismissed on this basis.

Accordingly, it is ORDERED AND ADJUDGED that:

1. Defendant Gustavo Mazorra's Motion to Dismiss (Doc. 31) is DENIED.

2. Defendant Florida Department of Corrections' Motion to Dismiss (Doc. 32) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 15th day of May, 2017.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record